ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT
10/15/25
CENTRAL DISTRICT OF CALIFORNIA
BY: MRV  DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:25-cr-00834-AH |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. § 1955: Operating an Illegal Gambling Business; 18 U.S.C. § 1957: Transactional Money Laundering; 18 U.S.C. §§ 982, 1955(d) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| LIRON BEN SHIMON, aka "LBS," | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 1955, 2(a)]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.   Defendant LIRON BEN SHIMON, also known as "LBS," was a citizen of Israel and a resident of Los Angeles, California, and South Florida.

2.   The operation of a private, unlicensed, for-profit poker business in California violated the laws of the State of California, including California Penal Code Sections 337j(a) and (b), and 330.

3.   For each of the poker businesses alleged herein, defendant BEN SHIMON, together with others known and unknown to the Grand Jury, operated private poker games in which the players provided "tips" to various employees who worked at the games, including cocktail waitresses hired to accompany the players, but defendant BEN SHIMON and others operating the businesses took a mandatory percentage of the tips provided for the cocktail waitresses and other employees before paying said employees, for the purpose of generating profits, in violation of California Penal Code Sections 337j(a) and (b), and 330.

4.   In total, defendant BEN SHIMON illegally profited more than $2,500,000 from owning all or part of the poker businesses alleged herein.

5.   Defendant BEN SHIMON's spouse, Family Member 1, was the sole signatory on a Wells Fargo bank account for "LBS Entertainment, LLC" ending in x3331 (the "LBS Entertainment Wells Fargo 3331 Account").

6.   Because the poker businesses alleged herein were illegal, defendant BEN SHIMON would use illicit means, including intimidation, violence, and threats of violence, to collect perceived debts resulting from the poker games.

B.   ILLEGAL GAMBLING BUSINESS

7.   Beginning no later than on or about December 2, 2020, and continuing through at least on or about July 21, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant BEN SHIMON, and others known and unknown to the Grand Jury, each aiding and abetting the others, conducted, financed, managed, supervised, directed, and owned all or part of an illegal gambling

business, specifically, a private, unlicensed, for-profit poker business, in violation of California Penal Code Sections 337j(a) and (b), and 330, which business involved at least five persons who conducted, financed, managed, supervised, directed, and owned all or part of the business; had been in substantially continuous operation for a period in excess of thirty days; and had gross revenue of more than $2,000 in a single day, all in violation of Title 18, United States Code, Section 1955(a).

COUNT TWO

[18 U.S.C. §§ 1955, 2(a)]

8. The Grand Jury realleges paragraphs 1 through 6 of this Indictment here.

9. Beginning no later than March 1, 2022, and continuing through at least May 24, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant BEN SHIMON, and others known and unknown to the Grand Jury, each aiding and abetting the others, conducted, financed, managed, supervised, directed, and owned all or part of an illegal gambling business, specifically, a private, unlicensed, for-profit poker business, in violation of California Penal Code Sections 337j(a) and (b), and 330, which business involved at least five persons who conducted, financed, managed, supervised, directed, and owned all or part of the business; had been in substantially continuous operation for a period in excess of thirty days; and had gross revenue of more than $2,000 in a single day, all in violation of Title 18, United States Code, Section 1955(a).

## COUNT THREE

[18 U.S.C. §§ 1957, 2]

10. The Grand Jury realleges paragraphs 1 through 6 of this Indictment here.

11. On or about the following date, in Los Angeles County, within the Central District of California, and elsewhere, defendant BEN SHIMON knowingly engaged in, aided and abetted others to engage in, and willfully caused others to engage in the following monetary transaction in criminally derived property of a value greater than $10,000, which property, in fact, was derived from specified unlawful activity, that is, the operation of an illegal gambling business, in violation of Title 18, United States Code, Section 1955, as charged in Count Two of this Indictment.

| DATE | TRANSACTION |
|---|---|
| 6/17/2022 | Wire transfer of $2,000,000 from LBS Entertainment Wells Fargo 3331 Account to a title company for "loan plus equity deal." |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 1955(d) and Title 28, United States Code, Section 2461(c), in the event of defendant's convictions of the offenses set forth in Counts One or Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) Any property, including money, used in such offense, and any property traceable to such property; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of the defendant's conviction of the offense set forth in Count Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

A TRUE BILL

/s/
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

J. MARK CHILDS
Assistant United States Attorney
Chief, Transnational Organized
Crime Section

GREGG E. MARMARO
Assistant United States Attorney
Major Frauds Section

KEVIN J. BUTLER
Assistant United States Attorney
Chief, Major Crimes Section